### BROWN v. ROBINSON et al.

(Supreme Court, Appellate Division, First Department. April 29, 1910.)

ACTION (§ 69*)—STAY OF PROCEEDINGS—ANOTHER ACTION PENDING.

Where persons, to whom the beneficiary of trust property has assigned an interest in the estate to which he will be entitled upon reaching the age of 25 years, are made parties to an action, and there can be a decree

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

therein finally settling the account of the trustees and determining all questions as to the ownership of the trust property, a special proceeding, in which the beneficiary seeks to compel the trustee to account and in which the assignees are not parties, so that there could be no decree which would bind all the parties having or claiming an interest in the fund, should have been stayed in the trial court until final judgment in the other action in which the accounting was to be had.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 744–751; Dec. Dig. § 69.*]

Appeal from Special Term, New York County.

Action by Lawrence E. Brown, as substituted testamentary trustee, against Charles A. Robinson, individually and as trustee, and others. From an order denying a stay of certain proceedings, plaintiff appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, McLAUGHLIN, and DOWLING, JJ.

John Ewen, for appellant.
G. E. Waldo, for respondent Robinson.
A. Delos Kneeland, for respondent Carnegie Trust Company.

PER CURIAM. In this action the persons to whom the beneficiary has assigned an interest in the estate to which he will be entitled on arriving at the age of 25 years are made parties, and there can be a decree herein finally settling the account of the trustee and determining all questions presented as to the ownership of the trust property. In the special proceeding (Matter of Robinson, Deceased), in which the beneficiary seeks to compel the trustee to account, and which is before this court on appeal from an order granting a motion for an accounting, these persons are not parties, and in that proceeding there can be no decree which would bind all the parties having or claiming an interest in the fund. These persons to whom it is alleged assignments have been made would each have a right to call the trustee to account, and it is proper that the accounting should be had in one action where they are all parties. As any party to the action can require that it be prosecuted, there seems to be no reason why the independent petition, which involves only the right of the petitioner and the questions between him and the trustee, should be proceeded with; but the accounting should be had in the action in which all persons interested in the fund are parties, and an order entered staying the special proceedings until final judgment is entered in this action.

The order appealed from should therefore be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.